UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| **Kettering Anesthesia Associates,** : | |
| : | |
| *Plaintiff/Counterclaim Defendant*, : | |
| : | CASE  3:13-cv-145 |
| **v.** : | |
| : | JUDGE THOMAS M. ROSE |
| **PST Services Inc.,** : | |
| : | |
| *Defendant/Counterclaim Plaintiff.* : | |
| : | |

**ENTRY AND ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION FOR INJUNCTIVE RELIEF,** (DOC. 11) **AND DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS,** (DOC. 10)**,**

Pending before the Court are two motions, Plaintiff's Emergency Motion for Injunctive Relief, Doc. 11, and Defendant's Motion for Partial Judgment on the Pleadings, doc. 10, both of which will be granted.

Defendant/Counterclaim Plaintiff PST Services, Inc., requests judgment on the pleadings against Plaintiff/Counterclaim Defendant Kettering Anesthesia Associates on counts II and IV of the counterclaim.  Count II seeks a declaration that Kettering Anesthesia Associates must deposit into escrow all disputed fees.  Count IV asserts, *inter alia*, that Kettering Anesthesia Associates breached an agreement to deposit with a mutually acceptable escrow agent an amount equal to any disputed fees.  Doc. 8 at 14, 15.

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is appropriate once the pleadings are closed and within such time as to not delay the trial. *Wagner v. Higgins*, 754 F.2d 186, 188 (6th Cir. 1985) (citing Fed. R. Civ. P. 12(c)). "The motion is granted when no

1

material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n.*, 946 F.2d 1233, 1235 (6th Cir. 1991). In reviewing a motion for judgment on the pleadings, the non-moving party is entitled to have all the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, construed in its favor as true. *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511 (6th Cir. 2001).

PST claims that Kettering Anesthesia Associates owes PST $625,051.95 in unpaid invoices. Doc. 8 at ¶ 15. Kettering Anesthesia Associates "disputes that it owes PST such fees." Doc. 10 at 5. Both parties assert that they entered into an agreement that states "[i]f there is a dispute as to the fees owed to [PST] by [Kettering Anesthesia Associates], [Kettering Anesthesia Associates] shall pay [PST] the undisputed fees and deposit with a mutually acceptable escrow agent...the amount equal to the disputed fees." Doc. 1 Ex. A ¶ 19.

Kettering Anesthesia Associates asserts that it is not obliged to pay the escrow amount, because "black-letter Ohio contract law...provides that a party to a contract is excused from performance under a contract where the other party is already in material breach thereof." Doc. 11 at 9. To this end, Kettering Anesthesia Associates cites a case that states that "repudiation or total breach" by one party enables the other party to seek damages without performing acts that would have been conditions precedent. *Id.*(citing *Midwest Payment Systems, Inc. v. Citibank Federal Sav. Bank*, 801 F. Supp. 9, 13 (S.D. Ohio 1992; and *Waste Management, Inc. v. Rice Danis Industries Corp.*, 257 F. Supp. 2d 1076, 1084 (S.D. Ohio 2003). Another case cited by Kettering Anesthesia Associates stands for the proposition that when one party does not perform a contract duty, the other party is relieved of the duty to pay for the performance. *Id.* (citing *Arthur v. Arthur*, 2003 WL 22006817 at *4 (Ohio App. Aug. 22, 2003). Kettering Anesthesia Associates cites no case and the Court can find none that stands for the proposition that an

allegation of a breach relieves a party from abiding by contracted dispute resolution terms. If Kettering Anesthesia Associates' position were adopted, the allegation of a breach would nullify contractual provisions such as forum selection clauses and choice of law provisions. Wherefore, PST's motion for judgment on the pleadings on Counts II and IV will be granted.

Next, Kettering Anesthesia Associates requests an injunction requiring PST to deliver Kettering Anesthesia Associates' patient billing data to Kettering Anesthesia Associates in the manner set forth in the parties' agreement. As Kettering Anesthesia Associates points out, the parties' agreement states:

> [a]fter ... placement with a mutually acceptable escrow agent of all disputed fees owed to [PST] by [Kettering Anesthesia Associates], ... [PST will] (1) promptly deliver to [Kettering Anesthesia Associates] a final list of accounts receivable and (2) provide reasonable transitional services, as set forth on Schedule 3 to this Agreement.

Doc. 11 at 8-9.

In determining whether to exercise discretion to grant a preliminary injunction, district courts consider the following four factors:

> (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.

*McPherson v. Michigan High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 459 (6th Cir. 1997) (en banc) (quoting *Sandison v. Michigan High Sch. Athletic Ass'n, Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995)). These factors are not prerequisites to issuing an injunction but factors to be balanced. See *Unsecured Creditors' Comm. of DeLorean Motor Co. v. DeLorean*, 755 F.2d 1223, 1229 (6th Cir. 1985).

Limiting itself to the likelihood Kettering Anesthesia Associates has of success on its right to billing information after placement of disputed fees with a mutually acceptable escrow agent, the Court finds it has a high chance of likelihood of success. Considering its own need for the billing information, as well as the need of members of the public who have been their patients to billing information, the remainder of the factors also favor granting the injunction. Thus, the Court will order PST to provide the billing information immediately after Kettering Anesthesia Associates places the disputed funds into escrow.

Thus, Defendant/Counterclaim Plaintiff's Rule 12 (c) Motion for Partial Judgment on the Pleadings, doc. 10, is **GRANTED**. Plaintiff/Counterclaim Defendant's Emergency Motion for Injunctive Relief, doc. 11, is **GRANTED** and PST will provide Kettering Anesthesia Associates' billing information to it immediately after Kettering Anesthesia Associates deposits $625,051.95 with an escrow agent mutually acceptable to the parties.

**DONE** and **ORDERED** in Dayton, Ohio, Wednesday, September 11, 2013.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE